a typewritten transcription of his original stenographic minutes.   In that case the witness was allowed to use the memorandum for the purpose of refreshing his recollection.   While any memorandum in this state may be used for the purpose of refreshing the recollection of a witness, though it might not be sufficient where it serves as independent testimony auxiliary to the testimony of a witness who has forgotten its contents, sanction of its use as a memorandum to refresh recollection recognizes the use of a transcript in lieu of the original stenographic notes, and takes notice that a transcript made by an expert is equivalent to the original stenographic notes.

[13] In the case at bar, moreover, the memorandum can be disregarded.   The witness Parsons stated that he could give the substance of the dictation without reference to the letter, though he did not remember the exact words.   But any error in the reception of the memorandum is harmless in this case.

[14] Proceedings before appraisers are in the nature of inquisitions, and the common-law rules of evidence regulating trial by jury ought not to be strenuously insisted on to the prejudice of the state.   Substantial justice is all that can be required.

My final conclusion is that the evidence makes out that for taxing purposes Mr. Martin's last residence was in London, England, and nowhere else.   I have given perhaps more consideration to this matthan its real importance required, but it concerns an issue now frequently arising in this jurisdiction.

Proceed accordingly.

(92 Misc. Rep. 680)

### In re McDONALD et al.

(Surrogate's Court, Kings County.   December, 1915.)

1. WILLS ⬤⟿693—DEVISE OF REALTY—POWER OF DISPOSITION.

 Under a will giving testator's daughter full power to dispose by will of property devised to her, "reposing in her implicit confidence that she will" so exercise the power "that the absolute fee and possession will ultimately and within the statutory period vest in her brother's heirs," she had power to dispose of the lands as she chose; the wish of testator not being imposed on the execution of the power, but on the daughter's conscience in its fulfillment.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec. Dig. ⬤⟿693.]

2. POWERS ⬤⟿36—DEVISE OF REALTY—POWER OF DISPOSITION—EXERCISE OF POWER.

 Any provision of such daughter's will, which will vest the lands in one or more of her brother's heirs ultimately at the end of one life, in addition to her own, is a complete exercise of the power.

 [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 137–149, 155; Dec. Dig. ⬤⟿36.]

In the matter of the application of Anna Hermenia McDonald and others for a decree determining the validity, construction, and effect of the disposition of certain real property made by the wills of Thomas McDonald and Mary F. Clyne, deceased.   Decree rendered.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William P. Pickett, of Brooklyn, for petitioners.

Theodore Burgmyer, of Brooklyn (Lewis C. Grover, of Brooklyn, of counsel), for respondent Edmond F. Clyne.

KETCHAM, S. [1] The will of Thomas McDonald, admitted to probate in this court, after mentioning his daughter, Mary F. Clyne, contained the following:

"Fourth. I give and devise to her my said daughter for life, those two certain houses and lots in the city of Brooklyn, N. Y., the one known and designated as No. 184 Pacific street and the other as No. 351 De Kalb avenue, and 1 hereby give her full power and authority to dispose of both of said houses and lots by her last will and testament, reposing in her implicit trust and confidence that she will devise the same, so that the absolute fee in possession will ultimately and within the statutory period vest in her brother's heirs, or in one or more of them whom she may, under the circumstances existing at the time of executing the power hereby given her, deem most in need and deserving of her bounty."

This provision was modified by a codicil, but without affecting the questions now presented. Mary F. Clyne, the person named in the provision last quoted, died after her father's death, leaving a will which has been admitted to probate in this court, which contains the following:

"First. In pursuance of a power conferred upon me by the fourth clause of the last will and testament of my father Thomas McDonald, deceased, I give and devise to my husband Edmond F. Clyne, for his natural life, the premises situate and known as Number 184 Pacific street in the borough of Brooklyn, city of New York, and the premises situate and known as Number 367 De Kalb avenue, in the said borough of Brooklyn, city of New York, and at his death I give and devise said property to the children of my brother Thomas H. McDonald, deceased, and in case of the death of any of the said children before my said husband, the share of such deceased child or children to go to his or her issue."

The present proceeding must be confined to the construction of the father's will. If the nature of the power conferred by the fourth paragraph thereof can be ascertained, there will be no legal provocation for any determination as to either the meaning or the practical effect of the daughter's will. Indeed, there is no conceivable uncertainty in the later instrument. Its disposition of the property involved in the power may be considered, but solely as a convenient limitation of the inquiry: Does the power respecting the premises mentioned in the fourth paragraph of the father's will give to the daughter the right to devise or appoint the same for life to a person not of the blood of the testator, with remainder, upon his death, to her brother's heirs?

If the power, primarily full and comprehensive, is not impaired or cut down by the expression of explicit confidence with regard to its exercise, then the paragraph yields nothing but the power to appoint by will and at will to such persons as the daughter shall select. If, however, the power is so characterized and restricted by this provision that it can be exercised only in such manner that "the absolute fee in possession will ultimately and within the statutory period vest" in one or more of the brother's heirs, it will need to be determined

whether the power would permit the appointment of a life estate in a stranger to intervene before the fee should vest in the brother's heirs.

It will be the effect of the decree to be made in this matter (a) that the recital of the testator's implicit trust and confidence that the daughter would devise the lands in the manner indicated was but an enclitic to his express grant of the power, not rising above a precatory appeal to her trustworthiness; (b) that the wish of the testator was imposed, not upon the execution of the power, but upon the daughter's conscience in its fulfillment; and (c) that hence she had a right, untrammeled by law, to dispose of the lands as she chose.

[2] It will be further found that, if the only power was to dispose of the lands "so that the absolute fee in possession will ultimately and within the statutory period vest in her brother's heirs," etc., then the only intention derivable from the language would be that any provision in the daughter's will which would vest the lands in one or more of her brother's heirs ultimately and at the end of one life, in addition to her own, would be a complete exercise of the power.

Decreed accordingly.